# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

TENA KAY MALONE, )
)
      Plaintiff, )
)
v. ) Case No. CIV-12-499-SPS
)
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration,[1] )
)
      Defendant. )

## OPINION AND ORDER

The claimant Tena Kay Malone requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on March 25, 1964, and was forty-seven years old at the administrative hearing (Tr. 31, 118). She completed her GED, and has worked as a grocery clerk (Tr. 22, 143). She alleges that she has been unable to work since August 20, 2009, due to problems from a motor vehicle accident, a broken left wrist, right C5 lamina fracture, C7/T1 compression fractures, right frontoparietal scalp laceration, cuts/abrasions/bruises on her legs and right foot, a partial blockage in the left side arterial blood vessel of her neck, hypertension, high cholesterol, black out spells, bleeding ulcer, anxiety, and depression (Tr. 138).

## Procedural History

On September 15, 2009, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Osly F. Deramus determined the claimant was not disabled in a written opinion dated June 17, 2011 (Tr. 12-23). The Appeals Council denied review, so the ALJ's written opinion is Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform less than the full range of sedentary work as defined in 20 C.F.R. § 416.967(a), *i. e.*, she could lift/carry ten pounds frequently, stand/walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday, with the additional limitations of not operating a motor vehicle, and avoiding heights and dangerous moving machinery due to syncope. He imposed the additional psychologically-based limitations of performing simple and some complex tasks, relating to co-workers and supervisors on a superficial work basis but unable to interact with the general public, and the ability to adapt to a work situation (Tr. 15). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work she could perform in the national and regional economies, *i. e.*, document preparer (Tr. 23).

## Review

The claimant's sole contention of error is that the ALJ failed to properly evaluate the medical evidence, specifically the opinion of treating physician Dr. Monica Woodall. The Court finds merit to this argument, and the decision of the Commissioner should therefore be reversed.

The medical record reflects that in August 2009, the claimant fainted while driving and was involved in an auto accident in which she fractured her neck and arm (Tr. 210). This was not her first episode of syncope; she had experienced spells as far back as 2007,

and had one as recently as March 2011 (Tr. 304, 611). Dr. Woodall completed a physical RFC assessment reflecting the claimant's syncope and other maladies: peptic ulcer, back pain, anxiety, fatigue, headaches, depression and the auto accident (Tr. 601). She felt that these impairments would last longer than a year, and that emotional factors contributed to the claimant's symptoms and limitations. Dr. Woodall also indicated that the claimant's pain would frequently interfere with her attention and concentration, and that she could not perform even low stress jobs (Tr. 601-602). She opined that the claimant's functional limitations were walking two blocks without rest or severe pain, sitting an hour at a time, standing no more than two hours at a time, and sitting/standing/walking only four hours in an eight-hour workday (Tr. 602-603). Dr. Woodall also indicated the claimant would need to walk around during the working day, and would need a sit/stand option, as well as unscheduled breaks of five minutes approximately every thirty minutes (Tr. 603). She opined that the claimant had 100% use of both hands to grasp, turn, and twist objects, as well as for fine manipulation, but 0% use of the left arm for reaching and 100% for the right arm (Tr. 604). Other treatment records from Dr. Woodall indicate, *inter alia*, that the claimant spurned counseling, and Dr. Woodall managed her medications for anxiety and depression, peptic ulcer, syncope, back pain, headaches, and hypertension (Tr. 541). On January 8, 2010, the claimant met with consultative examiner William Cooper, D.O. (Tr. 496). He found that the claimant had pain with range of motion testing of the left wrist, but grip strength of 5/5 bilaterally and the ability to perform both gross and fine tactile manipulation (Tr. 498). Dr. Beth Teegarden examined the claimant for mental

health the next month, noting that she met the diagnostic criteria for major depressive disorder and post-traumatic stress disorder present prior to her accident and exacerbated over time. Dr. Teegarden opined that the claimant's appearance, behaviors, mood, and affect were consistent with her reported symptoms, and recommended medication and talk therapy to help the claimant cope with depression and other health-related problems (Tr. 507).

The medical opinion of a treating physician such as Dr. Woodall is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight to give it by considering the following factors: (i) the length of the treatment and frequency of examinations, (ii) the nature and extent of the treatment relationship. (iii) the degree of relevant evidence supporting the opinion, (iv) the consistency of the opinion with the record as a whole, (v) whether the physician is a specialist, and (vi) other factors supporting or contradicting the opinion. *Watkins*, 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinion entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations and citations omitted]. In sum, it must be "clear to any subsequent reviewers the weight

the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

In his written opinion, the ALJ determined that the claimant's syncope, disorders of the back and depression/anxiety were severe impairments, and that her hypertension, bleeding ulcer, gastritis, headaches, and neck artery blockage were not severe (Tr. 14, 18).[3] The ALJ gave "little weight" to Dr. Woodall's RFC assessment because he found it to be inconsistent with the medical evidence as a whole (Tr. 20). The ALJ did not, however, specify medical evidence that he found to be inconsistent with Dr. Woodall's assessment, or take note of medical evidence that was consistent, *e. g.*, Dr. Cooper's finding that the claimant had pain with range of motion but good grip strength, which was clearly consistent with Dr. Woodall's limitation on reaching with the left arm. Thus, although the ALJ acknowledged that he was required to perform a proper *analysis* of the evidence, instead he merely provided a general *recitation* of the evidence and concluded generally that Dr. Woodall's findings were inconsistent therewith (Tr. 20).

The ALJ was clearly not required to give controlling weight to any opinion by Dr. Woodall to the effect that the claimant was unable to work, *see* 20 C.F.R. § 416.927(e)(1) ("A statement by a medical source that you are disabled or unable to work does not mean

---

[3] Although the claimant did not raise the issue on appeal, it is clear from the record that the ALJ failed to consider the combined effects of *all* the claimant's impairments (both severe and non-severe) in assessing her RFC. *See, e. g., Hill v. Astrue,* 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"). *See also McFerran v. Astrue,* 437 Fed. Appx. 634, 638 (10th Cir. 2011) ("[T]he ALJ made no findings on what, if any, work-related limitations resulted from Mr. McFerran's nonsevere mood disorder and chronic pain."). Because the Court is reversing the decision of the Commissioner on other grounds, the ALJ should perform this analysis on remand.

that we will determine that you are disabled."), but should nevertheless have determined the proper weight to give such opinions rather than rejecting them outright. *See Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("An opinion on an issue reserved to the Commissioner is not entitled to special significance, 20 C.F.R. § 416.927(e), but the ALJ 'is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner.'"), *quoting* Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *3. Furthermore, Dr. Woodall rendered opinions as to functional limitations, which the ALJ was required to evaluate for controlling weight. The ALJ's finding that Dr. Woodall's opinions were inconsistent with medical evidence might have justified the refusal to accord controlling weight if the ALJ had specified any inconsistent evidence on which he relied, *see, e. g.*, Langley, 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins,* 350 F.3d at 1300; s*ee also Wise v. Barnhart,* 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was 'inconsistent with the credible evidence of record,' but he fails to explain what those inconsistencies are."), but even in that event the ALJ would have been required to determine the proper weight to give those opinions by applying the *Watkins* factors. *See Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating

source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927."), *quoting Watkins,* 350 F.3d at 1300.  The ALJ failed to perform any of this analysis.

Because the ALJ failed to properly evaluate Dr. Woodall's opinions in accordance with the controlling standards, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ.  If such analysis results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma